(No. 11164.—Reversed and remanded.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* PAUL J. DAEMICKE, Appellant.

*Opinion filed April 19, 1917.*

1. TAXES—*annual appropriation and tax levy ordinances are, ordinarily, essential to validity of tax for necessary municipal expenses.* The passage of the annual appropriation ordinance within the first quarter of the fiscal year and the passage of a levy ordinance after the going into effect of the appropriation ordinance, as required by the Cities and Villages act, are ordinarily essential to the validity of a tax for the payment of the necessary expenses and liabilities of the municipal corporation.

2. SAME—*acts of 1915, revising law regarding police and firemen's pension funds, intended to be effective for levy and collection of taxes in that year.* The acts of 1915 revising the law in regard to the police and firemen's pension funds were intended to be effective for the levy and collection of taxes in 1915, and their effect was to authorize such levy and collection without regard to the provisions of the Cities and Villages act as to the time of the passage of the annual appropriation and levy ordinances.

3. Other questions in this case are controlled by the decisions in *People* v. *Day,* 277 Ill. 543, and *People* v. *Huey,* 277 id. 561.

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

WYMAN, KINNE & CARPENTER, and HOWE, FORDHAM & KREAMER, (HARRY C. KINNE, and ALBERT C. FORDHAM, of counsel,) for appellant.

MACLAY HOYNE, State's Attorney, (SAMUEL A. ET-TELSON, Corporation Counsel, CHARLES CENTER CASE, JR., FELSENTHAL & WILSON, WILLIAM F. STRUCKMANN, ED-MUND D. ADCOCK, ROSS C. HALL, WALTER E. BEEBE, LEON HORNSTEIN, and JOSEPH F. GROSSMAN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Paul J. Daemicke appealed from the judgment of the county court of Cook county against his property for taxes for the year 1915.

The questions raised here have been decided in the cases of *People* v. *Day, 277* Ill. 543, and *People* v. *Huey, 277* id. 561, except one objection to the items of $200,000 levied by the city of Chicago for the firemen's pension fund and $554,257 for the police pension fund. The objection was, that although the acts creating such funds required the taxes to be collected under them to be levied and collected in the same manner as taxes for other general city purposes, yet the amounts for such pension funds were not included in the annual appropriation ordinance, and, in fact, no appropriation was made for such funds, but the city council on November 1 and December 10, 1915, attempted to levy a tax for such pension funds by passing levy ordinances, upon which the county clerk extended the taxes; that the city was required to make its tax levy before the third Tuesday in September, and the levies for such pension funds were not included in the annual tax levy ordinance, which was adopted February 18, 1915, and the city was therefore without authority to levy the tax for such funds at the time and in the manner in which it attempted to do so.

The passage of the annual appropriation ordinance within the first quarter of the fiscal year and the passage of a levy ordinance after the going into effect of the appropriation ordinance are by the Cities and Villages act made

essential to the validity of a tax for the payment of the necessary expenses and liabilities of the corporation. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 Ill. 150; *People* v. *Florville,* 207 id. 79.) The acts revising the law regarding these two pension funds, respectively, were passed on June 29, 1915, after the passage of the annual appropriation ordinance and the levy ordinance by the city council of the city of Chicago. (Laws of 1915, pp. 292, 304.) Each expressly authorized the levy of a tax on all the taxable property of the city for three years, beginning with the year 1915, to be levied and collected in like manner with the general taxes of the city. The time having elapsed within which appropriations were required to be made by the general act, and the levy having been already made by the city council, these provisions of the acts for the levy of the tax in the year 1915 were nugatory when adopted, if they are to be regarded as subject to the requirements of the general act. They are not to be so regarded. The legislature intended to authorize the city council to levy and collect taxes for the year 1915 for the purposes of these acts. Since the law did not go into effect until July 1, 1915, it was not intended that the taxes expressly authorized to be levied for that year should be levied in the first quarter. This could only be done in the last half of the year, and since no limit was put upon the council in this respect it might be done at any time in that last half. The city council was required, on or before the third Tuesday in September, to ascertain the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy of that fiscal year. The levy ordinance was based upon such amount but could not include appropriations subsequently legally made. These statutes were intended to be effective for the levy and collection of taxes in 1915, and their effect was to authorize such levy and collection without regard to the provisions of the Cities and Villages act as to the time of the passage of the

appropriation and levy ordinances.    This objection was properly overruled.

The judgment of the county court of Cook county will be reversed and the cause remanded.

*Reversed and remanded.*